**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Raymond J. Ewers, et al.,** | ) | **CASE NO. 07 CV 2799** |
| | ) | |
| Plaintiffs, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Genuine Motor Cars, Inc., et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

This matter is before the Court upon Plaintiff's Motion to Remand (Doc. 9). This action arises out of the sale of a van. For the reasons that follow, the motion is DENIED.

## FACTS

Plaintiffs, Raymond J. Ewers and Mayra Coughlin-Ewers, filed this action against defendants, Genuine Motor Cars, Inc., Joseph G. Kase, Bryan Rogers ("defendants"), the American Arbitration Association, and Wachovia Bank alleging wrongdoing in connection with the internet sale of a van by defendants to plaintiffs.

On or about March 30, 2007, plaintiffs purchased a van on Ebay from defendants for a

1

total of $31,988.68.  Defendants advertised that the van had genuine leather seats.  The van was located in Florida and, as such, plaintiffs traveled from Ohio to Florida to obtain possession of the vehicle.  When plaintiffs arrived to pick up the van, they learned that, contrary to defendants' representations, the van did not have genuine leather seats.  Rather, the material used was a synthetic "man made" material.  Defendants offered to repurchase the van and void the transaction, provided plaintiffs agreed to pay $3.00 per mile for usage, for a total of $2,121.00.  Plaintiffs left the van at defendants' place of business with an understanding that defendants would remit a check for the full purchase price less the mileage charges.  Before remitting the check, defendants contacted plaintiffs and indicated that they would be required to sign a release of liability before their money would be returned.  Plaintiffs refused.  Thereafter, defendants filed a claim with the American Arbitration Association to resolve the dispute.  Defendants currently have possession of both the van and plaintiffs' money.

Plaintiffs filed this lawsuit in state court asserting 13 claims for relief.  Count one is a claim for breach of contract.  Counts two and three assert fraud and conversion, respectively.  Count four is a claim for unjust enrichment and count five asserts a violation of the Ohio Consumer Sales Practices Act.  Count six alleges "piercing the corporate veil."  Count seven is an action to rescind and count eight alleges joint and several liability.  Count nine seeks punitive damages.  Count ten alleges that the arbitration agreement at issue is unenforceable.  Count eleven is an action to freeze defendants' accounts.  Count twelve alleges a violation of the Federal Odometer Act and count thirteen is an action to enjoin arbitration.

Defendants removed this action to federal court on the grounds of diversity of citizenship.  Plaintiffs move to remand this action on the grounds that the amount in controversy

requirement is not satisfied.  Defendants oppose the motion.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 1447(c), a case originally filed in a state court must be remanded if, at any time before trial, it appears that the federal district court to which it was removed lacks subject matter jurisdiction.  *Coyne ex rel. Ohio v. Am. Tobacco Co.,* 183 F.3d 488, 496-97 (6th Cir. 1999) ("in a removed action, upon determination that a federal court lacks jurisdiction, remand to state court is mandatory ...").  The determination of federal jurisdiction in a diversity case is made as of the time of removal.  *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).  The party seeking removal bears the burden of showing that proper subject matter jurisdiction exists.  *Id.* at 453-54.

**ANALYSIS**

Plaintiffs argue that this matter must be remanded because the amount in controversy is not satisfied.  Defendants argue that plaintiffs' own allegations establish an amount in controversy greater than $75,000.

Defendants, as the parties seeking to invoke this Court's jurisdiction, bear the burden of establishing by a preponderance of the evidence that the amount in controversy is met.  *Gafford v. General Electric Co.*, 997 F.2d 150, 158 (6th Cir. 1993).  This Court must review the complaint as of the date of removal.  Post-removal stipulations by the plaintiff are ineffective to deprive the Court of jurisdiction.  *Rogers v. Wal-Mart*, 230 F.3d 868, 872 (6th Cir. 2000).

In this case, plaintiffs' complaint expressly seeks compensatory damages "in excess of $25,000."  In addition to compensatory damages, the complaint seeks "treble damages" under O.R.C. § 1345.  Treble damages are appropriately considered in determining the amount in

3

controversy. *Rosen v. Chrysler Corp.*, 205 F.3d 918, 922 (6 th Cir. 2000). By trebling the amount of compensatory damages, the Court is convinced that the amount in controversy exceeds $75,000.

Plaintiffs in essence seek to "undo" their own allegations. Plaintiffs argue that the "real" amount in controversy is much less than the jurisdictional amount. Specifically, plaintiffs point out that the purchase price of the vehicle is $31,988.68. According to plaintiffs, the amount in controversy never exceeded this amount. In support of their position, plaintiffs attach an offer to settle for far less than $75,000.[1] The Court rejects plaintiffs' argument that the amount in controversy is not satisfied. As an initial matter, the Court is not convinced that an offer to settle could ever establish the amount in controversy. More problematic, however, is the fact that plaintiffs' argument expressly ignores their demand for treble damages. Because the complaint itself alleges an amount in controversy in excess of the jurisdictional amount, remand is not warranted.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Remand is DENIED.

IT IS SO ORDERED.

/s/ Patricia A.Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 12/14/07

---

[1] Defendants, however, attach a letter from plaintiffs in response to a demand for arbitration, in which plaintiffs indicate that they possess a claim which "will exceed $75,000." Plaintiffs attempt to minimize this fact by claiming that it was simple "posturing" with respect to arbitration.